IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN 1 2 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| SUSAN GAIL RAY, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-179-A |
| | § | (NO. 4:07-CR-139-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of movant, Susan Gail Ray, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, movant's reply, the record, and the applicable legal authorities, the court concludes that the motion should be denied.

I.

Background

On November 9, 2007, movant pleaded guilty to one count of money laundering, in violation of 18 U.S.C. § 1957. Sentencing proceedings began on February 22, 2008, and were continued until March 21, 2008, at which time the court sentenced movant to 120 months' imprisonment, followed by a three-year term of supervised

release and restitution in the amount of $5,784,892. Movant did not appeal the judgment. Movant timely filed this motion on March 23, 2009.

II.

Grounds of the Motion

In her motion and "Memorandum of Law in Support of Motion Under Title 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence By A Person in Federal Custody" ("Memorandum"), movant asserts that (1) she was denied effective assistance of counsel because her attorney's performance was substandard, and he failed to appear "during crucial phases of the criminal and civil proceedings," including sentencing, Mot. at 7; (2) the court erred in failing to award her a three-point deduction for acceptance of responsibility under § 3E1.1 of the Sentencing Guidelines; (3) the court erroneously applied enhancements to her guideline offense level; (4) her sentence was a direct result of misapplication of the Sentencing Guidelines;[1] (5) the court failed to comply with Rule 32 of the Federal Rules of Criminal Procedure; (6) the court failed to recognize additional factors in evidence as grounds for a downward departure from the Sentencing Guidelines; and (7) the court failed to consider 18

---

[1] This ground is not included in the motion but is listed as Ground IV in the Memorandum.

2

U.S.C. § 3553 factors and treated the guidelines as mandatory.[2] For the reasons stated herein, all of movant's assertions are insufficient to grant her motion.

### III.

### Applicable Standards

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). Section 2255 does not offer recourse to all who suffer trial errors. Rather, it is reserved for errors of constitutional or jurisdictional magnitude and for errors that could not have been raised on direct appeal and, if allowed to stand, would result in a complete miscarriage of justice. United States v. Smith, 844 F.2d 203, 205-06 (5th Cir. 1988).

### IV.

### Analysis

The government contends that movant's claims that the court failed to award a deduction for acceptance of responsibility, the court erroneously enhanced her guideline offense, the court misapplied the sentencing guidelines, and the court failed to

---

[2]Grounds six and seven were not included in movant's motion but appear in the Memorandum.

3

award a downward departure, fail because misapplications of the sentencing guidelines are not cognizable on collateral review. United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Likewise, an alleged violation of Rule 32 fails to raise a claim of constitutional magnitude and must be denied. United States v. Weintraub, 871 F.2d 1257, 1265-66 (5th Cir. 1989). The court agrees. Accordingly, these grounds offer movant no basis for relief.

The government also contends that movant's claims that the court failed to consider the sentencing factors in 18 U.S.C. § 3553 and treated the sentencing guidelines as mandatory, are procedurally barred because she did not first raise those issues in the sentencing court or on direct appeal. "A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude, and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default and 'actual prejudice' resulting from the error." Shaid, 937 F.2d at 232 (internal citations omitted). The cause-and-prejudice standard requires a movant to show both that an objective factor external to the defense prevented him from raising the issue on appeal and that the alleged error "worked to his actual and

4

substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170; see Coleman v. Thompson, 501 U.S. 722, 753 (1991). A failure to show either prong forecloses collateral relief. Frady, 465 U.S. at 168. Only after a movant has satisfied both the cause and prejudice prongs can a reviewing court proceed to a determination of the merits of movant's claims. United States v. Bondurant, 689 F.2d 1246, 1250 (5th Cir. 1982).

Movant offers nothing to show either cause or prejudice. She provides no objective factors external to the defense to explain her failure to raise these claims either in the trial court or on appeal. Further, the record is clear that the court considered the advisory nature of the sentencing guidelines and properly considered the factors set forth in 18 U.S.C. § 3553 in imposing the sentence. Rearraignment Tr. at 9; Continuation of Sentencing Tr. at 38, 40-41.

Movant's final claim is one of ineffective assistance of counsel. To prevail on her ineffective assistance of counsel claim, movant must show that (1) her attorney's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.

5

Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 687. "A court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." United States v. Stewart, 207 F.3d 750, 751 (2000). In the context of a guilty plea, movant, in order to prove prejudice, "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). To prove that she was prejudiced by a sentencing error, movant must show that there is a reasonably probability that, but for counsel's error, she would have received a lower sentence. United States v. Grammas, 376 F.3d 433, 439 (5th Cir. 2004). Judicial scrutiny of this type of claim must be highly deferential, and movant must overcome a strong presumption that her counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

Movant claims that her attorney was ineffective in that he failed to apprise her of the full range of consequences of her guilty plea. For a guilty plea to be knowing and voluntary, the defendant must have "a full understanding of what the plea

6

connotes and of its consequence." United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000)(internal quotations and citations omitted). However, "[t]he defendant need only understand the direct consequences of the plea; he need not be made aware of every other consequence that, absent a plea of guilty, would not otherwise occur." Id. "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum prison term and fine for the offense charged." Ables v. Scott, 73 F.3d 591, 592 n.2 (5th Cir. 1996)(internal quotations omitted). The defendant's representations, as well as those of her lawyer and the prosecutor, and any findings by the judge in accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Solemn declarations in open court carry a strong presumption of truthfulness, and a defendant bears a heavy burden to show that the plea was involuntary after testifying to its voluntariness in open court. Deville v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994).

The record here squarely contradicts movant's claim. At her rearraignment, movant waived the reading of the indictment, Rearraignment Tr. at 16, and testified that: she understood she was subject to a term of imprisonment of ten years and payment of

7

a $250,000 fine, id. at 20-21; before signing the plea agreement, she reviewed, understood, and agreed with its terms, id. at 17; she voluntarily and of her own free will entered into the plea agreement, id. at 24; the factual resume was true and she had committed each element of the offense, id. at 18; and, she had discussed with her attorney how the sentencing guidelines might apply to her case and that the guidelines were advisory only, id. at 8-13. Movant's claim of ineffective assistance of counsel on this ground is without merit.

The remainder of movant's claims of ineffective assistance of counsel primarily consist of nothing more than conclusory allegations, none of which are sufficient to establish ineffective assistance of counsel. Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Her only specific remaining claims are that counsel failed to advise her as to whether or not to appeal and failed to appeal, and that he abandoned her at sentencing. As to her appeal, the record reflects that the court expressly advised movant of her right to appeal. Sentencing Tr. at 41. Movant does not allege that counsel failed to consult with her regarding an appeal or that she requested counsel file an appeal and he failed or refused to do so. Under these circumstances, movant has failed to demonstrate that counsel's

performance fell below a constitutionally deficient standard. Roe v. Flores-Ortega, 528 U.S. 470 (2000).

Finally, movant claims counsel failed to appear at sentencing on her behalf, essentially abandoning her at that stage of the proceedings.[3] Movant's claim is disingenuous, at best. Movant was represented by two attorneys, Terry Yates and Baldemar Zuniga. Yates appeared on movant's behalf at rearraignment, while both Yates and Zuniga appeared at the initiation of sentencing proceedings on Feb. 22, 2008. While it is accurate that Yates did not appear at the continuation of sentencing on March 21, 2008, Zuniga appeared on movant's behalf, offered evidence, raised objections, reurged defendant's motion for downward departure, engaged in exchanges with the court and other counsel, and otherwise actively participated in the proceedings. Further, when questioned about Yates's absence, Zuniga informed the court that he had been co-counsel from the beginning of his and Yates's representation, that he had in fact been the one who reviewed most of the documentation and performed substantial work on the matter, and that he had consulted with Yates a few days prior to the sentencing hearing. Sentencing Tr.

---

[3] Movant also claims her attorney abandoned her at unspecified civil proceedings. Movant has no constitutional right to counsel in civil proceedings. Sanchez v. United States Postal Serv., 785 F.2d 1236, 1237 (5th Cir. 1986).

at 35, 41-42. Nothing in Zuniga's performance at sentencing fell below a constitutional level of representation, and movant does not allege otherwise. Whether movant would have preferred Yates to appear at sentencing is immaterial. Movant has no Sixth Amendment guarantee to counsel of her choice. <u>Yohey v. Collins</u>, 985 F.2d 222, 228 (5th Cir. 1993)(right to counsel guaranteed by Sixth Amendment does not include the right to counsel of defendant's choice); <u>United States v. Paternostro</u>, 966 F.2d 907, 912 (5th Cir. 1992) (Sixth Amendment does not guarantee an absolute right to counsel of one's choice). Movant has adduced nothing that would overcome the strong presumption that her attorney's conduct fell within the wide range of reasonable professional assistance. <u>See</u> <u>Strickland</u>, 466 U.S. at 687-689.

Therefore,

The court ORDERS that the motion of Susan Gail Ray to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED June 12, 2009.

/s/ JOHN McBRYDE
United States District Judge